**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of Delaware
                              (State)

Case number (*If known*): _____ Chapter 11

☐ Check if this is an
   amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy     12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | |
|---|---|
| **1. Debtor's name** | New Gulf Resources, LLC |

| | |
|---|---|
| **2. All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | N/A |

| | |
|---|---|
| **3. Debtor's federal Employer Identification Number** (EIN) | 2 7 – 5 4 3 1 3 6 5 |

**4. Debtor's address**

**Principal place of business**

10441 S. Regal Boulevard, Suite 210
Number    Street

_____

Tulsa, Oklahoma            74133
City                    State    ZIP Code

Tulsa County
County

**Mailing address, if different from principal place of business**

_____
Number    Street

_____
P.O. Box

_____
City            State    ZIP Code

**Location of principal assets, if different from principal place of business**

_____
Number    Street

_____

_____
City            State    ZIP Code

| | |
|---|---|
| **5. Debtor's website** (URL) | www.newgulfresources.com |

| | |
|---|---|
| **6. Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding  LLP)<br>☐ Other. Specify: _____ |

Debtor   **New Gulf Resources, LLC** _____   Case number *(if known)* _____
Name

| | |
|---|---|
| **7. Describe debtor's business** | **A.** *Check one:* |

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

**B.** *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

**C.** NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes .

   2   1   1   1

| | |
|---|---|
| **8. Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* |

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply*:

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (amount subject to adjustment on 4/01/16 and every 3 years after that).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☒ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

| | |
|---|---|
| **9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** If more than 2 cases, attach a separate list. | ☒ No |

☐ Yes.   District _____   When _____   Case number _____
                                        MM / DD / YYYY

           District _____   When _____   Case number _____
                                        MM / DD / YYYY

| | |
|---|---|
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** List all cases. If more than 1, attach a separate list. | ☐ No |

☒ Yes.   Debtor   *See Schedule 1.* _____   Relationship _____

           District _____   When _____
                                        MM  /  DD  / YYYY

           Case number, if known _____

Debtor    New Gulf Resources, LLC _____    Case number (*if known*)_____
_____Name

**11. Why is the case filed in *this district*?**

Check all that apply:

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number          Street

_____

_____
City                                                    State          ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

Check one:

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☒ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☒ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

| Debtor | New Gulf Resources, LLC | Case number (if known) |
|---|---|---|
| | Name | |

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million

- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million

- ☒ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

---

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  12/17/15
　　　　　　MM / DD / YYYY

X _____
Signature of authorized representative of debtor

Danni Morris
Printed name

Title Chief Financial Officer

---

**18. Signature of attorney**

X _____          Date  12/17/15
Signature of attorney for debtor          MM / DD / YYYY

M. Blake Cleary
Printed name

Young Conaway Stargatt & Taylor, LLP
Firm name

1000 North King Street
Number　　Street

Wilmington          DE      19801
City          State      ZIP Code

(302) 571-6741          mbcleary@ycst.com
Contact phone          Email address

3614          DE
Bar number          State

---

## Schedule 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

As of the date hereof, each of the entities listed below (the "Debtors") filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of New Gulf Resources, LLC.

1.      New Gulf Resources, LLC

2.      NGR Texas, LLC

3.      NGR Finance Corp.

4.      NGR Holding Company LLC

*Execution Copy*

### NEW GULF RESOURCES, LLC

**Written Consent of
the Sole Member**

**December 15, 2015**

Pursuant to the Delaware Limited Liability Company Act (the "**Act**") and the Limited Liability Company Agreement of New Gulf Resources, LLC ("**New Gulf**"), NGR Holding Company LLC (the "**Parent**"), being the sole member of New Gulf (the "**Sole Member**"), hereby consents in writing to the adoption of the following resolutions.

WHEREAS, on December 14, 2015, New Gulf consummated a reorganization transaction (the "**Reorganization**") pursuant to which, among other things, a wholly owned subsidiary of the Parent (which was at the time a wholly owned subsidiary of New Gulf) merged with and into New Gulf, with New Gulf surviving and Parent becoming the sole member of New Gulf and parent holding company of the enterprise;

WHEREAS, when used in this resolution the terms "**Company**" shall refer to New Gulf or Parent, as the context requires, and the term "**Board**" shall refer to the board of Managers of Parent or the board of Managers of New Gulf prior to the Reorganization, as the context requires;

WHEREAS, in connection with its regular assessment of the financial and operational condition of the Company and the Company's business, including the historical performance of the Company, the assets and liquidity of the Company, the current and long-term liabilities of the Company, the commodity market and credit market conditions, the Company determined that it was in the best interests of the Company to engage Barclays Capital Inc. ("**Barclays**") for the purpose of providing financial advisory services to the Company with respect to strategic alternatives available to the Company and to engage Baker Botts L.L.P. ("**Baker Botts**") for the purpose of providing legal advisory services with respect to strategic alternative available to the Company (the "**Engagement**");

WHEREAS, since the commencement of the Engagement, Barclays and Baker Botts have collectively (i) regularly consulted and met with the management and representatives of the Company, as well as the Company's other professional advisors, to discuss potential restructuring options, (ii) prepared a restructuring proposal contemplating a registered exchange offer for certain of the Company's debt securities, which proposal was presented to, but ultimately rejected by, certain holders of the Company's debt securities, (iii) provided presentations at least seven formal meetings of the Board , regarding, among other things, potential out-of-court and in-court strategic alternatives;

WHEREAS, with the authorization of the Board, the officers of the Company have been engaged in negotiations with certain holders (the "**Ad Hoc Group**") of the Company's 11.75% Senior Secured Notes due 2019 (the "**Existing Second Lien Notes**") and 10.0%/12.0% Senior Subordinated PIK Toggle Notes due 2019 regarding the terms of a restructuring support

agreement (the "**Restructuring Support Agreement**") and a pre-negotiated reorganization plan (the "**Plan**") proposed to be filed with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**");

WHEREAS, at special meetings of the Board held on November 12, November 25 and December 9, 2015, Barclays and Baker Botts provided to the Board a thorough and comprehensive presentation and overview regarding the status of Restructuring Support Agreement and Plan discussions and developments and the proposed restructuring transactions (collectively, the "**Special Meeting Presentations**"), including but not limited to an overview of (a) the proposed debtor-in-possession financing (the "**DIP Facility**") to be underwritten by members of the Ad Hoc Group and converted on the Plan effective date into new first lien convertible notes issued by the Company or one of its affiliates (the "**New First Lien Notes**"), (b) the recapitalization of the Company, including an overview of new equity interests to be issued in accordance with the Plan, (c) a proposed rights offering to holders of Existing Second Lien Notes to raise funds for the reorganized Company and its affiliates through the sale of New First Lien Notes, (d) a proposed backstop note purchase agreement (the "**Backstop Agreement**") pursuant to which the creditor parties thereto would agree to purchase their *pro rata* share of New First Lien Notes offered thereby, together with any such New First Lien Notes not subscribed to by other rights offering participants, (e) proposed recoveries by different creditors and other stakeholders in the Company, including cancellation of the Company's existing equity securities, (f) proposed backstop fees and breakup fees provided for in the proposed restructuring transaction, (g) the ability of the Company exercise a fiduciary out and consummate an alternative transaction if required by the circumstances, (h) potential tax consequences related to the transaction, (i) key risks and benefits of the Reorganization, (j) key risks and open issues relating to the proposed restructuring and proposed Plan, (k) next steps and a tentative timeline for the proposed restructuring and implementation of the same and the proposed Plan, (l) the pledge, or continuance of a pledge, as applicable, of up to all or substantially all assets of the Company and its subsidiaries (1) on a first lien superpriority basis in connection with the DIP Facility, (2) on a first lien basis in connection with the New First Lien Notes and (3) on a second lien basis in connection with the Existing Second Lien Notes, and (m) the guarantee by Parent of the New First Lien Notes, the Existing Second Lien Notes, and other obligations, and the pledge of up to all or substantially all of its assets in connection therewith (all such transactions, items, actions, elements and terms, as further described or supplemented below, being collectively referred to as the "**Restructuring Transaction**");

WHEREAS, on December 14, 2015, the Chief Executive Officer of the Company distributed to the Board draft versions of certain definitive documents relating to the Plan, including the Restructuring Support Agreement, the Plan, the Backstop Agreement, Plan, disclosure statement, key employee retention plan (the "**KERP**") and the various exhibits attached to each of the foregoing (collectively, the "**Draft Documents**");

WHEREAS, on the date hereof, Barclays and Baker Botts have provided to the Board an update to the Special Meeting Presentations to update the Board regarding the status of negotiations on the proposed Restructuring Transaction and the proposed terms thereof, including revisions to the Draft Documents, and the Board has had an opportunity to consider, evaluate and discuss the Special Meeting Presentations and the proposed Restructuring Transaction, including

such updates, with the Company's financial, restructuring and legal advisors and with management of the Company (such updates and discussions relating thereto, collectively, the "**Restructuring Update**");

WHEREAS, on the date hereof, the Board received, reviewed and considered the recommendations of senior management of Parent and Parent's legal, financial, and other advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under the provisions of Title 11 of the United States Code (the "**Bankruptcy Code**"), including confirmation of the Plan, with respect to Parent, New Gulf and its subsidiaries;

WHEREAS, on the date hereof, the Board approved in all respects, among other things, filing of Chapter 11 cases, the Restructuring Transaction, the Draft Documents, certain borrowing under the DIP Facility and the engagement of certain Chapter 11 professionals (the "**Parent Approved Matters**");

WHEREAS, the Sole Member has reviewed and considered the Parent Approved Matters and deems it advisable and in the best interests of New Gulf to approve the Parent Approved Matters;

## Commencement of Chapter 11 Case

NOW, THEREFORE, BE IT RESOLVED, that in the good faith business judgment of the Sole Member, it is in the best interest of New Gulf and its subsidiaries and their respective creditors, employees, stakeholders, and other interested parties, that New Gulf and its subsidiaries file a voluntary petition for relief under chapter 11 of the Bankruptcy Code; and further

RESOLVED, that each of the officers of New Gulf and any of their designees (collectively, the "**Officers**") shall be and hereby are authorized, empowered, and directed, in the name and on behalf of the Company to: (i) execute and verify a voluntary petition for relief under the Bankruptcy Code; and (ii) cause the same to be filed (the "**Chapter 11 Case**") in the Bankruptcy Court, in such form and at such time as such Officer executing the petition shall determine; and further

RESOLVED, that the Officers shall be and hereby are authorized, empowered, and directed, on behalf of and in the name of the Company, to execute and file on behalf of the Company all petitions, schedules, lists, motions, applications, pleadings, and other papers or documents as necessary to commence the Chapter 11 Case and obtain relief under the Bankruptcy Code, and to take any and all further acts and deeds that the Officers deem necessary or proper to obtain such relief, including, without limitation, any action necessary to facilitate the administration of the Chapter 11 Case; and further

## Approval of the Restructuring Transaction

RESOLVED, that in the good faith business judgment of the Sole Member, it is in the best interest of New Gulf and its subsidiaries and their respective creditors, employees, stakeholders, and other interested parties, that New Gulf and its subsidiaries enter into the Restructuring Transaction as presented and proposed to the Board in the Special Meeting Presentations and the Restructuring Update, as reviewed by the Sole Member; and further

RESOLVED, that the terms of the Restructuring Transaction and all the components thereof as described in the Special Meeting Presentations, as supplemented by the terms of the Draft Documents and the Restructuring Update, are hereby approved, together with such further changes as may be approved by the Officers and evidenced by their execution and delivery of all documents and agreements that may be necessary, appropriate or advisable in their judgment to implement the Restructuring Transaction and all components thereof as presented to the Board in the Special Meetings Presentations, the Draft Documents and the Restructuring Update, each as reviewed by the Sole Member; and further

RESOLVED that the DIP Facility, the New First Lien Notes, the Backstop Agreement, the KERP, the other Draft Documents and the transactions contemplated thereby are hereby approved in all respects; and further

RESOLVED, that New Gulf be, and hereby is, authorized and empowered to borrow term loans pursuant to the DIP Facility in an aggregate principal amount of up to $75,000,000 and issue the First Lien Notes in an aggregate principal amount of up to $50,000,000; and further

RESOLVED, that the Officers be, and each of them hereby is, authorized to request, on behalf and as the act of New Gulf, from time to time and at such rates as such Officer or other such person shall deem necessary and desirable for New Gulf, term loans in accordance with the DIP Credit Agreement; and further

RESOLVED, that the Officers shall be and hereby are authorized, empowered, and directed, on behalf of and in the name of New Gulf, to execute, approve, verify and file, or cause or authorize the filing of, all necessary documents related to the Restructuring Transaction, including, without limitation, the Plan, the Backstop Agreement, DIP Credit Agreement, the KERP and amendments thereto, the Plan disclosure statement, the management incentive plan, the rights offering documents, and any and all petitions, affidavits, certificates, schedules, motions, lists, applications, pleadings, and other papers, and to take any and all actions that they deem necessary, appropriate or advisable in connection with the Restructuring Transaction or the filing of the Plan, the Backstop Agreement, DIP Credit Agreement, the KERP and the other motions, procedures and documents contemplated thereby with the Bankruptcy Court and seeking the approval of the Bankruptcy Court for the Restructuring Transaction; and further

## Engagement of Chapter 11 Professionals

RESOLVED, that the Officers shall be and hereby are authorized, empowered, and directed to employ, on behalf of New Gulf, the law firm of Baker Botts under a special advance

retainer as general bankruptcy counsel to New Gulf and in other related matters on such terms and conditions as the Officers of New Gulf shall approve; and further

RESOLVED, that the Officers shall be and hereby are authorized, empowered, and directed to employ, on behalf of New Gulf, the law firm of Young Conaway Stargatt & Taylor, LLP under a special advance retainer as co-bankruptcy counsel to New Gulf and in other related matters on such terms and conditions as the Officers of New Gulf shall approve; and further

RESOLVED, that the Officers shall be and hereby are authorized, empowered, and directed to employ, on behalf of New Gulf, Barclays as investment banker for New Gulf in connection with New Gulf's Chapter 11 Case and in other related matters on such terms and conditions as the Officers of New Gulf shall approve; and further

RESOLVED, that the Officers shall be and hereby are authorized, empowered, and directed to employ, on behalf of New Gulf, Zolfo Cooper, LLC as financial advisor for New Gulf in connection with New Gulf's Chapter 11 Case and in other related matters on such terms and conditions as the Officers of New Gulf shall approve; and further

RESOLVED, that the Officers shall be and hereby are authorized, empowered, and directed to employ, on behalf of New Gulf, Prime Clerk as claims and notice agent for New Gulf in connection with New Gulf's Chapter 11 Case and in other related matters on such terms and conditions as the Officers of New Gulf shall approve; and further

RESOLVED, that the Officers shall be and hereby are authorized, empowered, and directed to employ, on behalf of New Gulf, such other counsel, financial advisors, or other professionals as may be prudent and desirable in connection with the Chapter 11 Case on such terms and conditions as the Officers of New Gulf shall approve; and further

### General Authorization and Ratification

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Officers, each of the Officers (and their designees and delegates) be, and they hereby are, authorized, empowered, and directed in the name of and on behalf of New Gulf, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents (including amendments, replacements, increases, extensions, renewals, waivers, supplements or other modifications) and to pay all expenses, including but not limited to filing fees, original issue discount, and lender and agent fees, in each case as in such Officer's or Officers' (or their respective designees' or delegates') reasonable business judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein, or which shall be necessary, advisable or desirable in connection with the DIP Facility, the New First Lien Notes, the Existing Second Lien Notes, or the transactions contemplated therein, including for purposes of complying or evidencing compliance with the terms, conditions and provisions thereof, and that the performance or execution, acknowledgment, delivery or filing thereof by such Officer shall be conclusive evidence of the approval thereof by such Officer and by the Sole Member; and further

RESOLVED, that the Sole Member has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of New Gulf, or hereby waive any right to have received such notice; and further

RESOLVED, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of New Gulf, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of New Gulf with the same force and effect as if each such act, transaction, agreement, certificate, or document has been specifically authorized in advance by resolution of the Sole Member or the Board; and further

RESOLVED, that each of the Officers (and their designees and delegates) be and hereby are authorized, empowered, and directed to take all actions or to not take any action in the name of New Gulf with respect to the actions and transactions contemplated by these resolutions hereunder as the sole shareholder, member or managing member of each direct and indirect subsidiary of New Gulf, in each case, as such Officer shall deem necessary, advisable, or desirable in such Officers' reasonable business judgment as may be necessary or convenient to effectuate the purposes of the actions and transactions contemplated herein.

*     *     *     *

The undersigned, being the Sole Member of the Company, hereby consents to, approves, and adopts the foregoing as of the date first above written.

**NGR HOLDING COMPANY LLC**

By: _____

Name: Danni Morris

Title:   Chief Financial Officer

*[Signature Page to Sole Member Consent of New Gulf Resources, LLC]*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| NEW GULF RESOURCES, LLC, *et al.* | ) | Case No. 15-_____(___) |
|  | ) |  |
| Debtors.[1] | ) | Joint Administration Pending |
|  | ) |  |

**CORPORATE OWNERSHIP STATEMENT
PURSUANT TO FED. R. BANKR. P. 1007(a)(1)**

Pursuant to Rule 1007(a)(1) of the Federal Rules of Bankruptcy Procedure, the following organizational chart identifies all entities having a direct or indirect ownership interest in the above-captioned debtors and debtors in possession (the "Debtors").[2]

| Entity | Owner | % Ownership |
|---|---|---|
| New Gulf Resources, LLC (Debtor) | NGR Holding Company, LLC (Debtor) | 100% |
| NGR Texas, LLC (Debtor) | New Gulf Resources, LLC (Debtor) | 100% |
| NGR Finance Corp. (Debtor) | New Gulf Resources, LLC (Debtor) | 100% |
| NGR Holding Company, LLC (Debtor) | A&S NG Investments LLC | 13.1% |

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: NGR Holding Company LLC (1782), New Gulf Resources, LLC (1365); NGR Finance Corp. (5563) and NGR Texas, LLC (a disregarded entity for tax purposes). The Debtors' mailing address is 10441 S. Regal Boulevard, Suite 210, Tulsa, Oklahoma 74133.

[2]    The Debtors have 135,000 outstanding warrants which trade in a quasi-public manner. The Debtors are in the process of obtaining information regarding the identity of the current holders of such warrants, and will file a supplement as soon as practicable.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NEW GULF RESOURCES, LLC, *et al.* | ) | Case No. 15-_____ (____) |
| | ) | |
| Debtors.[1] | ) | Joint Administration Pending |
| | ) | |

### DECLARATION CONCERNING CORPORATE OWNERSHIP STATEMENT
### PURSUANT TO FED. R. BANKR. P. 1007(a)(1)

I, Danni S. Morris, Chief Financial Officer of NGR Holding Company LLC, one of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), declare under penalty of perjury under the laws of the United States of America that I have reviewed the foregoing *Corporate Ownership Statement Pursuant to Fed. R. Bankr. P. 1007(a)(1)* submitted herewith and that the information contained therein is true and correct to the best of my information and belief.

Dated: December 17, 2015
      New York, New York

_____
Danni S. Morris
Chief Financial Officer of NGR Holding Company LLC,
on behalf of the Debtors

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: NGR Holding Company LLC (1782); New Gulf Resources, LLC (1365); NGR Finance Corp. (5563) and NGR Texas, LLC (a disregarded entity for tax purposes). The Debtors' mailing address is 10441 S. Regal Boulevard, Suite 210, Tulsa, Oklahoma 74133.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| NEW GULF RESOURCES, LLC, *et al.* | ) | Case No. 15-_____(___) |
|  | ) |  |
| Debtors.[1] | ) | Joint Administration Pending |
|  | ) |  |

**CONSOLIDATED LIST OF CREDITORS WHO HAVE THE 30 LARGEST**
**UNSECURED CLAIMS AND ARE NOT INSIDERS**

New Gulf Resources, LLC and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532. The following is the consolidated list of the Debtors' creditors holding the thirty largest non-contingent, unsecured claims (the "Consolidated List") based on the Debtors' books and records as of approximately December 15, 2015. The Consolidated List is prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in these chapter 11 cases. The Consolidated List does not include (a) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101(31) or (b) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the Consolidated List of 30 largest unsecured claims. None of these creditors are minor children. The information contained herein shall neither constitute an admission of liability by, nor is it binding on, the Debtors. The information herein, including the failure of the Debtors to list any

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: NGR Holding Company LLC (1782), New Gulf Resources, LLC (1365); NGR Finance Corp. (5563) and NGR Texas, LLC (a disregarded entity for tax purposes). The Debtors' mailing address is 10441 S. Regal Boulevard, Suite 210, Tulsa, Oklahoma 74133.

claim as contingent, unliquidated or disputed, does not constitute a waiver of the Debtors' right

to contest the validity, priority, or amount of any claim.

**Fill in this information to identify the case:**

Debtor Name New Gulf Resources, LLC, et al.

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): _____

• Check if this is an amended filing

# Official Form 204
## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Bank of New York Mellon Trust Company, N.A. Attn: Corporate Trust Administration 601 Travis Street, 16th Floor Houston, TX 77002 | Bank of New York Mellon Trust Company, N.A. Attn: Corporate Trust Administration PHONE: 713-227-1600 FAX: 713-483-6954 EMAIL: | Unsecured Debt | | | | $161,701,838.00 |
| 2 | Trinidad Drilling, LP Attention: General Counsel 15015 Vickery Dr Houston, TX 77032-2554 | Trinidad Drilling, LP Attention: General Counsel PHONE: 713-439-1670 FAX: 403-265-4168 EMAIL: creynolds@trinidaddrilling.com | Trade Creditor | | | | $501,059.40 |
| 3 | Commercial Billing Service/Midway Attention: General Counsel 12627 E. Hwy 21 Midway, TX 75852 | Commercial Billing Service/Midway Attention: General Counsel PHONE: 936-348-3721 FAX: 936-348-2669 EMAIL: | Trade Creditor | | | | $322,885.52 |

01:18076837.5

Debtor____New Gulf Resources, LLC, et al._____      Case number (if known) _____
        Name

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government | Indicate if claim is contingent, | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| 4 | Nalco Company Attention: General Counsel 1601 W. Diehl Road Naperville, IL 60563-1198 | Nalco Company Attention: General Counsel PHONE: 630-305-1000 FAX: 630-305-2900 EMAIL: jewest@nalco.com | Trade Creditor | | | | $225,269.12 |
| 5 | Jet Specialty, Inc. Attention: General Counsel 211 Market Avenue Boerne, TX 78006 | Jet Specialty, Inc. Attention: General Counsel PHONE: 830-331-9457 FAX: 830-331-9480 EMAIL: | Trade Creditor | | | | $205,258.48 |
| 6 | Baker Hughes Attention: General Counsel 2929 Allen Parkway, Suite 2100 Houston, TX 77019-2118 | Baker Hughes Attention: General Counsel PHONE: 713-439-8600 FAX: EMAIL: | Trade Creditor | | | | $205,137.21 |
| 7 | R Construction Company Attention: General Counsel1313 Hwy 79 SouthBuffalo, TX 75831 | R Construction Company Attention: General Counsel PHONE: 903-322-4639 FAX: 713-334-5758 EMAIL: | Trade Creditor | | | | $149,697.00 |
| 8 | CHAMPION RANCH LTD A TX LIMITED PARTNERSHIP Attention: General Counsel 320 E Nakoma St San Antonio, TX 78216-2705 | CHAMPION RANCH LTD A TX LIMITED PARTNERSHIP Attention: General Counsel PHONE: FAX: EMAIL: | Royalty | Unliquidated | | | $136,349.90 |
| 9 | EWS Consulting Attention: General Counsel 3300 N. A Street Midland, TX 79705 | EWS Consulting Attention: General Counsel PHONE: FAX: EMAIL: dfine@ewsconsulting.com | Trade Creditor | | | | $126,983.04 |
| 10 | DNOW, L.P. Attention: General Counsel 7402 N. Eldridge Pkwy. Houston, TX 77041 | DNOW, L.P. Attention: General Counsel PHONE: 281-823-4700 FAX: 713-237-3300 EMAIL: AP@dnow.com | Trade Creditor | | | | $111,475.03 |
| 11 | Weatherford U.S., LP Attention: General Counsel 515 Post Oak Boulevard Suite 600 Houston, TX 77027-9482 | Weatherford U.S., LP Attention: General Counsel PHONE: 713-693-4000 FAX: 713-693-4300 EMAIL: | Trade Creditor | | | | $98,551.69 |

Debtor_____ New Gulf Resources, LLC, et al. _____     Case number (if known) _____

Name

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government | Indicate if claim is contingent, | | | | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. |
|---|---|---|---|---|---|---|---|---|
| 12 | Triumph Downhole Services Attention: General Counsel 421 Junior Beck Dr, # A Corpus Christi, TX 78405-4411 | Triumph Downhole Services Attention: General Counsel PHONE: 361-880-7100 FAX: 361-880-7110 EMAIL: amock@triumphdownhole.com | Trade Creditor | | | | | $86,787.66 |
| 13 | SPINDLETOP OIL & GAS CO. Attention: General Counsel ONE SPINDLETOP CENTRE DALLAS, TX 75230 | SPINDLETOP OIL & GAS CO. Attention: General Counsel PHONE: 972-644-2581 FAX: 972-661-2701 EMAIL: nonopreports@spindletopoil.com | Royalty | Unliquidated | | | | $81,638.90 |
| 14 | Vaquero Energy Services Attention: General Counsel 229 W Main Donie, TX 75838 | Vaquero Energy Services Attention: General Counsel PHONE: 254-359-4490 FAX: 254-359-4495 EMAIL: nicole@vaqueroenergytx.com | Trade Creditor | | | | | $67,340.00 |
| 15 | Light Tower Rentals, INC Attention: General Counsel 2330 East 1-20 South Service Road Odessa, TX 79766 | Light Tower Rentals, INC Attention: General Counsel PHONE: 855-306-8855 FAX: EMAIL: info@ltr.com | Trade Creditor | | | | | $65,594.70 |
| 16 | Core Laboratories LP Attention: General Counsel 6316 Windfern Rd Houston, TX 77040-4916 | Core Laboratories LP Attention: General Counsel PHONE: 713-328-2710 FAX: EMAIL: | Trade Creditor | | | | | $64,701.62 |
| 17 | Five Star Measurement Attention: General Counsel 217 West Interstate 20, STE 1000 Weatherford, TX 76087 | Five Star Measurement Attention: General Counsel PHONE: 817-594-9799 FAX: 817-594-9873 EMAIL: contact@fivestarmeasurement.com | Trade Creditor | | | | | $60,439.18 |
| 18 | Stuart Petroleum Testers, Inc Attention: General Counsel 10077 Grogans Mill Rd. Ste 100 The Woodlands, TX 77380 | Stuart Petroleum Testers, Inc Attention: General Counsel PHONE: 713-678-0154 FAX: 713-678-0124 EMAIL: contact@stuartpressurecontrol.com | Trade Creditor | | | | | $55,785.33 |
| 19 | Thru Tubing Solutions, Inc. Attention: General Counsel 11683 Hwy 105E Conroe, TX 77306 | Thru Tubing Solutions, Inc.Attention: General Counsel PHONE: 936-756-9351 FAX: 936-756-9327 EMAIL: ttsinfo@thrutubing.com | Trade Creditor | | | | | $52,379.47 |

Debtor_____New Gulf Resources, LLC, et al._____          Case number (if known) _____
        Name

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government | Indicate if claim is contingent, | | | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. |
|---|---|---|---|---|---|---|---|
| 20 | Mercer Well Service Attention: General Counsel 3333 IH-35 North, Building F Gainesville, TX 76240 | Mercer Well Service Attention: General Counsel PHONE: 940-668-5100 FAX: 940-668-5103 EMAIL: sales@ces-wellsrvs.com | Trade Creditor | | | | $50,615.48 |
| 21 | H.K.ODOM,JR,INDIV&IND EXEC OF LESLIE HERMAN, POA P O BOX 4 KURTEN, TX 77862 | H.K.ODOM,JR,INDIV&IND EXEC OF LESLIE HERMAN, POA PHONE: FAX: EMAIL: | Royalty | Unliquidated | | | $50,163.48 |
| 22 | Flowco Production Solutions Attention: General Counsel 18511 Imperial Valley Dr. Houston, TX 77073 | Flowco Production Solutions Attention: General Counsel PHONE: 281-528-6298 FAX: 281-528-6319 EMAIL: | Trade Creditor | | | | $49,952.50 |
| 23 | KMMK FAMILY LIMITED PARTNERSHIP Attention: General Counsel 394 Charles Street East Williston, NY 11596 | KMMK FAMILY LIMITED PARTNERSHIP Attention: General Counsel PHONE: 903-536-2989 FAX: EMAIL: | Royalty | Unliquidated | | | $47,122.70 |
| 24 | CUDD Pressure Control, INC. Attention: Michael S. Haynes C/O Gardere Wynne Sewell, LLP 3000 Thanksgiving Tower, 1601 Elm Street Dallas, TX 75201 | CUDD Pressure Control, INC. Attention: Michael S. Haynes C/O Gardere Wynne Sewell, LLP PHONE: 214-999-4818 FAX: 214-999-3818 EMAIL: mhaynes@gardere.com | Trade Creditor | | | | $46,784.49 |
| 25 | Derrick Corporation Attention: General Counsel 590 Duke Road Buffalo, NY 14225 | Derrick Corporation Attention: General Counsel PHONE: 716-683-9010 FAX: 716-683-4991 EMAIL: info@derrickcorp.com | Trade Creditor | | | | $46,263.37 |
| 26 | MARLICE WARD CLAYTON Attention: General Counsel 880 W LOOP 304 CROCKETT, TX 75835-5408 | MARLICE WARD CLAYTON Attention: General Counsel PHONE: FAX: EMAIL: | Royalty | Unliquidated | | | $45,777.90 |
| 27 | Texas Hot Oilers Inc Attention: General Counsel 3616 Highway 21 W Madisonville, TX 77864 | Texas Hot Oilers Inc Attention: General Counsel PHONE: 936-349-0216 FAX: EMAIL: | Trade Creditor | | | | $45,643.70 |

Debtor_____New Gulf Resources, LLC, et al._____          Case number (if known) _____
            Name

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government) | Indicate if claim is contingent, | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| 28 | FREEPORT SECURITIES COMPANY Attention: General Counsel 222 W Exchange St Suite 102 Freeport, IL 61032 | FREEPORT SECURITIES COMPANY Attention: General Counsel PHONE: 815-235-1661 FAX: 815-233-0843 EMAIL: frptsec@hotmail.com | Royalty | Unliquidated | | | $44,695.48 |
| 29 | DODGE COMPTON HUBBARD IND & AS TTEE MORGAN HUBBARD MARITAL TR Attention: General Counsel PO BOX 820635 DALLAS, TX 75382 | DODGE COMPTON HUBBARD IND & AS TTEE MORGAN HUBBARD MARITAL TR Attention: General Counsel PHONE: FAX: EMAIL: | Royalty | Unliquidated | | | $42,103.86 |
| 30 | Scout Downhole Inc 1125 Beach Airport Dr Conroe, TX 77301 | Scout Downhole Inc 1125 Beach Airport Dr Conroe, TX 77301 PHONE: 936-756-3255 FAX: 936-756-3229 EMAIL: info@scoutdownhole.com | Trade Creditor | | | | $41,865.70 |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NEW GULF RESOURCES, LLC, *et al.* | ) | Case No. 15-_____(___) |
| | ) | |
| Debtors.[1] | ) | Joint Administration Pending |
| | ) | |

## DECLARATION CONCERNING CONSOLIDATED LIST OF CREDITORS WHO HAVE THE 30 LARGEST UNSECURED CLAIMS AND ARE NOT INSIDERS

I, Danni S. Morris, Chief Financial Officer of NGR Holding Company LLC, one of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), declare under penalty of perjury under the laws of the United States of America that I have reviewed the foregoing *Consolidated List of Creditors Who Have the 30 Largest Unsecured Claim and Are Not Insiders* submitted herewith and that the information contained therein is true and correct to the best of my information and belief.

Dated:  December 17 , 2015
        New York, New York

_____
Danni S. Morris
Chief Financial Officer of NGR Holding Company LLC,
on behalf of the Debtors

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  NGR Holding Company LLC (1782), New Gulf Resources, LLC (1365); NGR Finance Corp. (5563) and NGR Texas, LLC (a disregarded entity for tax purposes).  The Debtors' mailing address is 10441 S. Regal Boulevard, Suite 210, Tulsa, Oklahoma 74133.