**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NEW GULF RESOURCES, LLC | ) | Case No. 15-12566 (___) |
| | ) | |
| Debtor. | ) | |
| Tax ID:  27-5431365 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| NGR HOLDING COMPANY LLC | ) | Case No. 15-12565 (___) |
| | ) | |
| Debtor | ) | |
| Tax ID:  81-0781782 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| NGR FINANCE CORP. | ) | Case No. 15-12567 (___) |
| | ) | |
| Debtor. | ) | |
| Tax ID:  61-1735563 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| NGR TEXAS, LLC | ) | Case No. 15-12568 (___) |
| | ) | |
| Debtor. | ) | |
| Tax ID:   (A Disregarded Entity For Tax Purposes) | ) | |
| | ) | |

**MOTION OF DEBTORS FOR AN ORDER DIRECTING
JOINT ADMINISTRATION OF CHAPTER 11 CASES**

New Gulf Resources, LLC, NGR Holding Company LLC, NGR Finance Corp., and NGR

Texas, LLC (collectively, the "Debtors") file this motion (the "Motion") for entry of an order,

pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the

"Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the

01:18070205.3

"Bankruptcy Rules"), and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), substantially in the form attached hereto as **Exhibit A**, directing joint administration of these chapter 11 cases.  In support of the Motion, the Debtors incorporate by reference the *Declaration of Danni Morris in Support of First Day Motions and Applications* (the "First Day Declaration"),[1] filed contemporaneously herewith, and respectfully represent as follows:

**JURISDICTION AND VENUE**

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested in this Motion are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015 and Local Rule 1015-1.

**BACKGROUND**

4.      On December 17, 2015 (the "Petition Date"), the Debtors commenced these cases (the "Chapter 11 Cases") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  No trustee, examiner, or creditors' committee has been appointed in the

---

[1]      Capitalized terms used but not defined herein shall have the meaning ascribed to them in the First Day Declaration.

Chapter 11 Cases.   The Debtors are operating as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      For a more detailed description of the Debtors, their business and capital structure, and the events giving rise to the Chapter 11 Cases, please see the First Day Declaration.

### REQUESTED RELIEF

6.      Bankruptcy Rule 1015(b) authorizes this Court to order the joint administration of the bankruptcy cases of a debtor, insiders, and affiliates.  FED. R. BANKR. P. 1015(b)

7.      Local Rule 1015-1 provides additional authority for the Court to order joint administration of these Chapter 11 Cases:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.   An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time.   An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

DEL. BANKR. L.R. 1015-1.

8.      The four Debtor entities are affiliates as defined by section 101(2) of the Bankruptcy Code, and, as their operations and administration are significantly integrated, the Debtors are appropriate candidates for joint administration under Bankruptcy Rule 1015(b).

9.      During the course of the Chapter 11 Cases, it will be necessary to file numerous motions and applications seeking relief on behalf of all of the Debtors.   Accordingly, each Debtor respectfully submits that joint administration of the Debtors' Chapter 11 Cases is in the

01:18070205.3

best interest of its estate and creditors.  It will further the interest of judicial economy and administrative expediency by, among other things, eliminating the necessity of filing duplicate motions, entering duplicate orders and forwarding duplicate notices to creditors and parties-in-interest.  This is not a request for substantive consolidation.  Parties in interest, therefore, will not be harmed by joint administration; rather, parties in interest will benefit from cost savings associated with the joint administration of the Chapter 11 Cases.

10.     In order to administer the Chapter 11 Cases as efficiently as possible, such cases should be jointly administered under the case number assigned to New Gulf Resources, LLC. The Debtors also request that the Clerk of the Court maintain one file and one docket for all of the jointly administered Chapter 11 Cases, which file and docket shall be the file and docket for New Gulf Resources, LLC.

11.     Each debtor proposes that the caption of the jointly administered Chapter 11 cases be as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NEW GULF RESOURCES, LLC, *et al*. | ) | Case No. 15-12566 (___) |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |

FN1:    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  NGR Holding Company LLC (1782), New Gulf Resources, LLC (1365); NGR Finance Corp. (5563) and NGR Texas, LLC (a disregarded entity for tax purposes).  The Debtors' mailing address is 10441 S. Regal Boulevard, Suite 210, Tulsa, Oklahoma 74133.

12.     Each Debtor further proposes that a docket entry be made on the docket of each of the Debtors, other than New Gulf Resources, LLC, substantially as follows:

> An order has been entered in this case directing the joint
> administration under Bankruptcy Rule 1015(b) of the chapter 11
> cases of New Gulf Resources, LLC, Case No.15-12566;
> NGR Holding Company LLC, Case No. 15-12565; NGR Finance
> Corp., Case No. 15-12567; and NGR Texas, LLC, Case No. 15-12568.
> The docket of New Gulf Resources, LLC, Case No. 15-12566,
> should be consulted on all matters affecting any of these debtors
> in their jointly administered cases.

13. Courts in this jurisdiction have routinely ordered joint administration in cases with multiple, related debtors, and is generally non-controversial. *See, e.g., In re Samson Resources Corp.*, No. 15-11934 (CSS) (Bankr. D. Del. Sept. 18, 2015) (directing joint administration of chapter 11 cases); *In re Quicksilver Resources Inc.*, No. 15-10585 (LSS) (Bankr. D. Del. Mar. 19, 2015) (same); *In re Sorenson Commc'ns, Inc.*, No. 14-10454 (BLS) (Bankr. D. Del. Mar. 4, 2014) (same); *In re Energy Future Holdings Corp.*, No. 14-10979 (CSS) (Bankr. D. Del. June 5, 2014) (same).[2]

## NOTICE

14. The Debtors will provide notice of this Motion to the following or their counsel: (i) the Office of the United States Trustee for the District of Delaware; (ii) MidFirst Bank, the administrative agent under the Debtors' First Lien Credit Agreement; (iii) Bank of New York Mellon Trust Company, N.A., as trustee and collateral agent under the Second Lien Notes; (iv) Bank of New York Mellon Trust Company, N.A., as trustee under the Subordinated PIK Note Indenture; (v) the Ad Hoc Committee; (vi) the Debtors' 30 largest unsecured creditors on a consolidated basis, as identified in their chapter 11 petitions; and (vii) those parties who have formally filed requests for notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002. As this Motion is seeking "first day" relief, within two business days of the hearing on this Motion,

---

[2] Due to the voluminous nature of the orders cited, such orders have not been attached to this Motion but are available upon request to the Debtors' proposed counsel.

01:18070205.3

the Debtors will serve copies of this Motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m).  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, Debtors respectfully request that this Court enter an order, substantially in the form attached hereto as **Exhibit A**, directing that these cases be jointly administered and granting such other relief as is just and proper under the circumstances.

Dated:    December 17, 2015
          Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ M. Blake Cleary*
M. Blake Cleary (No. 3614)
Ryan M. Bartley (No. 4985)
Justin Duda (No. 5478)
1000 N. King Street
Rodney Square
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
mbcleary@ycst.com
rbartley@ycst.com
jduda@ycst.com

- and -

BAKER BOTTS L.L.P.
C. Luckey McDowell (*pro hac vice* pending)
Ian E. Roberts (*pro hac vice* pending)
Meggie S. Gilstrap (*pro hac vice* pending)
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 953-6500
luckey.mcdowell@bakerbotts.com
ian.roberts@bakerbotts.com
meggie.gilstrap@bakerbotts.com

*Proposed Counsel for Debtors*
*and Debtors in Possession*

01:18070205.3

**<u>Exhibit A</u>**

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NEW GULF RESOURCES, LLC | ) | Case No. 15-12566 (___) |
| | ) | |
| Debtor. | ) | |
| Tax ID:  27-5431365 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| NGR HOLDING COMPANY LLC | ) | Case No. 15-12565 (___) |
| | ) | |
| Debtor | ) | |
| Tax ID:  81-0781782 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| NGR FINANCE CORP. | ) | Case No. 15-12567 (___) |
| | ) | |
| Debtor. | ) | |
| Tax ID:  61-1735563 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| NGR TEXAS, LLC | ) | Case No. 15-12568 (___) |
| | ) | |
| Debtor. | ) | |
| Tax ID:   (A Disregarded Entity For Tax Purposes) | ) | |
| | ) | RE: Docket No. ____ |

## ORDER DIRECTING JOINT
## ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in

possession (collectively, the "Debtors"), for entry of this Order pursuant to section 105(a) of the

Bankruptcy Code, Bankruptcy Rule 1015 and Local Rule 1015-1, all as more fully set forth in

---

[1]    All capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

01:18070205.3

the Motion, and having considered the Motion, the First Day Declaration, and argument of the parties, this Court hereby finds that:

      A.      This Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334;

      B.      Venue of the Motion in this district is proper pursuant to 28 U.S.C. § 1408;

      C.      The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(1);

      D.      The Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and

      E.      Proper and adequate notice of the Motion has been given under the circumstances and no other or further notice is necessary.

Therefore, **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** to the extent set forth herein.

2.      The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by this Court.

3.      The caption of the jointly administered cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NEW GULF RESOURCES, LLC, *et al.* | ) | Case No. 15-12566 (___) |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |

FN1:    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  NGR Holding Company LLC (1782), New Gulf Resources, LLC (1365); NGR Finance Corp. (5563) and NGR Texas, LLC (a disregarded entity for tax purposes).  The Debtors' mailing address is 10441 S. Regal Boulevard, Suite 210, Tulsa, Oklahoma 74133.

4.    A docket entry shall be made in each of the above-captioned cases, other than the

case of New Gulf Resources, LLC, substantially as follows:

> An order has been entered in this case directing the joint
> administration and procedural consolidation under Bankruptcy
> Rule 1015(b) of the chapter 11 cases of New Gulf Resources, LLC,
> Case No. 15-12566; NGR Holding Company LLC, Case No.
> 15-12565; NGR Finance Corp., Case No. 15-12567;
> and NGR Texas, LLC, Case No. 15-12568. The docket
> of New Gulf Resources, LLC, Case No. 15-12565, should be
> consulted on all matters affecting any of these debtors in their
> jointly administered cases.

5.    Nothing contained in the Motion or this Order shall be deemed or construed as

directing or otherwise effecting a substantive consolidation of the above-captioned chapter 11

cases.

6.    The foregoing caption satisfies the requirements of section 342(c)(1) of the

Bankruptcy Code.

7.    Notwithstanding anything to the contrary in this Order, any payment made or to

be made under this Order, and any authorization contained in this Order, shall be subject to the

requirements imposed on the Debtors under any order(s) of this Court approving the Debtors'

debtor-in-possession financing facility and use of cash collateral and any budget in connection

therewith.

8.    The Debtors and the Clerk of this Court are authorized to take all actions

necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9.    The terms and conditions of this Order shall be immediately effective upon its

entry.

01:18070205.3

10.    This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Date: _____, 2015
          Wilmington, Delaware


                                                            _____

                                                            United States Bankruptcy Judge