# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| NEW GULF RESOURCES, LLC, *et al.* ) | Case No. 15-12566 (BLS) |
| ) | |
| Debtors.[1] ) | Jointly Administered |

## DECLARATION OF DISINTERESTEDNESS IN SUPPORT OF EMPLOYMENT AS A PROFESSIONAL UTILIZED IN THE ORDINARY COURSE OF BUSINESS

1. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct:

2. I am a [member] of the firm _Stancil & Co._ (the "Firm"), which has been employed by the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") in the ordinary course of their business. The Debtors wish to retain the Firm to continue providing ordinary course services during their chapter 11 cases (the "Chapter 11 Cases"). This Declaration is submitted in compliance with the *Order Pursuant to Bankruptcy Code Sections 105(a), 327, 328, 330, and 363 Authorizing Debtors to Employ and Compensate Professionals Utilized in the Ordinary Course of Business* (the "OCP Order").[2]

3. I am familiar with and have personal knowledge of the facts set forth below.

4. The Debtors have requested that the Firm provide [describe the services to be rendered with specificity] services, and the Firm has agreed to provide such services.

_RTS / Ad Valorem Tax Services_

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: NGR Holding Company LLC (81-0781782), New Gulf Resources, LLC (27-5431365); NGR Finance Corp. (61-1735563) and NGR Texas, LLC (a disregarded entity for tax purposes). The Debtors' mailing address is 10441 S. Regal Boulevard, Suite 210, Tulsa, Oklahoma 74133.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the OCP Order.

01:18075944.5

5. The Firm may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to the above-captioned cases for persons that are parties in interest in these Chapter 11 Cases. The Firm does not perform services for any such person in connection with these Chapter 11 Cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

6. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these Chapter 11 Cases.

7. Neither I, nor any principal, partner, director, or officer of, nor any professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

8. Neither I nor any principal, partner, director or officer of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Firm is to be employed.

9. Neither I nor any principal, partner, director or officer of, or professional employed by, the Firm, insofar as I have been able to ascertain is a relative of the United States Bankruptcy Judge assigned to these Chapter 11 Cases, and the Firm does not have a connection with the United States Bankruptcy Judge that would render the Firm's retention in these Chapter 11 Cases improper. Further, the Firm does not have any connection with the Office of the United States Trustee (the "U.S. Trustee") or any persons employed by the U.S. Trustee.

01:18075944.5

2

10.  The Debtors owe the Firm [$ ~0~ ] for prepetition services, the payment of which is subject to limitations contained in title 11 of the United States Code, 11 U.S.C. §§ 101–1532. [FOR NONLEGAL FIRMS: The Firm has waived, or will waive, any prepetition claim against the Debtors' estates.]

11.  As of the Petition Date, the Firm [was/~~was not~~] party to an agreement for indemnification with certain of the Debtors. [If there is such an agreement, such agreement is attached hereto as Exhibit 1 (the "Agreement"). I have reviewed the OCP Order and understand that the indemnification provisions set forth in the Agreement are subject, during the pendency of these Chapter 11 Cases, to the modifications set forth in paragraph 5 the OCP Order.]

12.  The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

Executed on _Feb 26th_, 2016

_Randall J. Schulze_ (signature)

[Professional Name] Randall T. Schulze
[Title] Vice President / Partner
[Address] Stancil & Co.
400 E. Las Colinas Blvd.
Ste 700
Irving, TX 75039